**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>                    v.<br><br>THE DURST ORGANIZATION *et al.*,<br><br>                              Defendants. | 14-CV-2698 (RA)<br><br>**DISBURSEMENT ORDER** |

1. On November 13, 2015, this Court entered a Consent Decree between plaintiff the United States of America (the "Government") and defendants The Durst Organization ("Durst"). The Consent Decree resolved claims alleged in the Government's Complaint against Durst as set forth in Part D of the Consent Decree.

2. Paragraph 58 of the Consent Decree provides that, in the event that less than the total amount of the Initial Settlement Fund, including accrued interest, is distributed to aggrieved persons, and after the Government determines that no further aggrieved persons will be identified, the remainder (the "Remaining Funds") shall be distributed to one or more qualified organizations, mutually agreed upon by the Government and Durst, and subject to the approval of the Court, for the purpose of conducting fair housing enforcement-related activities in New York City.

3. Pursuant to Paragraphs 47 through 51 of the Consent Decree, Durst made efforts to notify potentially aggrieved persons of the Initial Settlement Fund, including by publishing the Notice to Persons Who May Have Suffered from Inadequate Accessible Features at Liberty Plaza and Other Rental Buildings, as set forth in Appendix F of the Consent Decree ("Notice"), in publications like the *Wall Street Journal* and the *New York Daily*

*News*; placing a link to an electronic version of the Notice in Portable Document Format (PDF) to be placed on the website for The Helena; mailing the Notice to eleven organizations that aid New Yorkers with disabilities; and mailing copies of the Notice to the past and present residents of the rental complexes at issue.

4. The Government did not receive any credible claim from additional aggrieved persons and has determined that no additional aggrieved persons will be identified.

5. Accordingly, two hundred and fifty thousand dollars, plus accumulated interest, remains in the Initial Settlement Fund.

6. The Government and Durst have agreed upon the United Spinal Association ("United Spinal") to receive the Remaining Funds.

7. As a condition for receiving the Remaining Funds, United Spinal has represented that it would use the funds to pursue the following three activities:

    i. providing accessibility trainings for members of the real estate industry in New York City, including architects, developers, and building owners;

    ii. assisting New York City government to create a guidance document on accessibility for the real estate industry; and

    iii. establishing a telephone and web-based hotline to provide technical assistance on accessibility-related questions.

   In addition, United Spinal also has agreed to submit a report to the Government and Durst within one year after its receipt of the funds to detail how it has used the funds as described above, and submit additional reports every year thereafter until the funds are exhausted.

8. The Court hereby approves the selection of United Spinal as the "qualified organization" under Paragraph 58 of the Consent Decree and approves the disbursement of the

      Remaining Funds to United Spinal.

9.     Durst is hereby ordered to disburse the Remaining Funds as required by Paragraph 58 of the Consent Decree to United Spinal within 30 days of the issuance of this order.

10.     No later than one year after the entry of this Order, United Spinal shall submit a report to counsel for the Government to detail how it has used the funds, and submit additional reports every year thereafter until the Remaining Funds are exhausted.

**SO ORDERED**.

January 6, 2021

                                  HON. RONNIE ABRAMS
                                  UNITED STATES DISTRICT JUDGE